

# In the Missouri Court of Appeals
# Eastern District

## DIVISION III

| | | |
|---|---|---|
| NORMA NICELY, | ) | No. ED100313 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Honorable Richard C. Bresnahan |
| WYETH, INC., et al. | ) | |
| | ) | |
| Respondents. | ) | FILED: August 26, 2014 |

## Introduction

This appeal arises out of Appellant Norma Nicely's ("Nicely") tort action against brand-name and generic manufacturers of the prescription drug metoclopramide. Nicely was diagnosed with tardive dyskinesia following her prolonged use of metoclopramide. Although Nicely ingested only the generic form of the drug, she seeks damages from all parties responsible for disseminating information about the risks associated with long-term use of brand-name Reglan and generic metoclopramide. Nicely generally alleges that the manufacturers and sellers of the generic metoclopramide she ingested (collectively "Generic Defendants")[1] failed to reasonably and adequately warn of the risks and dangers associated with its long-term use. Nicely similarly

---

[1] PLIVA, Inc., Barr Pharmceuticals, LLC, and Teva Pharmaceuticals USA are the manufacturers of generic metoclopramide sued by Nicely in this action. Because Nicely voluntarily dismissed her action against Teva Pharmaceuticals USA on July 16, 2012, it is not a party to this appeal.

seeks to hold the manufacturers and sellers of brand-name Reglan (collectively "Brand Defendants")[2] liable for her injuries as a result of their failure to reasonably and adequately warn of the risks and dangers associated with long-term use of metoclopramide. Lastly, Nicely seeks damages for her injuries from Wolters Kluwer Health, Inc. and Wolters Kluwer United States Corporation, Inc. (collectively "WKH"), which Nicely alleges disseminated prescription drug information about metoclopramide to pharmacists, physicians, and their patients.[3]

Factual and Procedural Background

Around November 2006, Nicely's physician prescribed her a regimen of 30-40mg of Reglan/metoclopramide per day to treat gastroparesis. From November 2006 through December 2007, Nicely ingested generic metoclopramide manufactured by the Generic Defendants. In December 2007, Nicely sought treatment for weakness, clumsiness, and intermittent tremors. At that time, Nicely discontinued her metoclopramide use. Nicely's symptoms continued, and in January 2008 she was diagnosed with tardive dyskinesia secondary to Reglan/metoclopramide. In January 2010, Nicely received a more specific diagnosis of oral dyskinesia secondary to Reglan/metoclopramide. Oral dyskinesia is characterized by involuntary, repeated, rhythmic purposeless movements of the muscles of the lower face, lips, and tongue.

On June 26, 2012, Nicely filed a 12-count amended petition against Defendants.[4] The counts alleged were as follows: Count I: negligence, negligent misrepresentation, and negligent supply of information for the guidance of others against the Brand Defendants; Count II:

---

[2] Wyeth LLC, Wyeth Pharmaceuticals Inc., Schwarz Pharma Inc. n/k/a UCB Inc., and Alaven Pharmaceuticals, LLC are the manufacturers of brand-name Reglan sued by Nicely in this action.
[3] All defendants will be referred to collectively as "Defendants."
[4] Nicely initially filed this action jointly with several other plaintiffs in the Circuit Court of the City of St. Louis. The court severed the claims, and Nicely's case was eventually transferred to the Circuit Court of St. Louis County. There, pursuant to local practice, the court consolidated Nicely's case with other Reglan/metoclopramide cases for pre-trial matters before the Honorable Richard C. Bresnahan. Due to this consolidation, some of the filings in this case were made on behalf of multiple defendants not individually sued by Nicely. We will only address claims relevant to the eight defendants named in Nicely's Second Amended Petition.

2

negligence, negligent misrepresentation, and negligent supply of information for the guidance of others against the Generic Defendants; Count III: breach of warranty against the Generic Defendants; Count IV: misrepresentation and fraud against the Generic Defendants; Count V: misrepresentation and fraud against the Brand Defendants; Count VI: negligence against First Databank; Count VII: strict product liability against the Generic and Brand Defendants; Count VIII: violation of the Missouri Merchandising Practices Act and/or Kentucky Consumer Protection Act against all Defendants; Count XI: punitive damages against all Defendants; and Count XII: damages against all Defendants.

On July 10, 2012, the Generic Defendants moved to dismiss Nicely's claims against them for lack of jurisdiction or, in the alternative, for failure to state a claim.[5] The Generic Defendants argued that under PLIVA, Inc. v. Mensing, 131 S. Ct. 2567 (2011), all state law failure-to-warn claims against generic pharmaceutical manufacturers are preempted by federal law. The Generic Defendants asserted that no matter how titled, all of Nicely's claims were substantively the same failure-to-warn claims that the Supreme Court found preempted by the Federal Food, Drug, and Cosmetic Act ("FDCA") in Mensing and, therefore, must be dismissed with prejudice. The trial court agreed and dismissed all of Nicely's claims against the Generic Defendants.

On July 24, 2012, WKH also moved to dismiss Nicely's claims against it alleging, *inter alia*, that Nicely's claims were barred by the statute of limitations. The trial court found that under Kentucky law, a one-year statute of limitations applied to Nicely's claims against WKH. The trial court further found that under Kentucky's discovery rule, the statute of limitations commenced in January 2008, when Nicely was diagnosed with tardive dyskinesia secondary to Reglan/metoclopramide. Because Nicely did not file her original petition against the Defendants

---

[5] Whether the trial court had personal jurisdiction over the Generic Defendants is not at issue in this appeal, and thus will not be discussed.

until February 25, 2010, the trial court concluded that her claims against WKH were barred by the statute of limitations. Therefore, the trial court granted WKH's motion to dismiss.

After initial discovery revealed that Nicely ingested only generic metoclopramide and not brand-name Reglan, the Brand Defendants moved for summary judgment on all of Nicely's claims against them. In their motion filed July 11, 2012, the Brand Defendants argued that all of Nicely's claims were product liability claims governed by the Kentucky Products Liability Act ("KPLA"),[6] and under the KPLA, a manufacturer cannot be held liable for harm caused by a product it did not manufacture or sell. Because Nicely conceded she did not ingest any product manufactured or sold by the Brand Defendants, the Brand Defendants asserted they owed her no duty and thus were entitled to judgment as a matter of law. The trial court agreed with the Brand Defendants that the KPLA applied to all of Nicely's claims, and further agreed that the Brand Defendants owed her no duty of care. Accordingly, the trial court granted the Brand Defendant's motion for summary judgment and entered judgment in their favor.

Nicely now appeals the judgments of the trial court dismissing her claims against the Generic Defendants and WKH and the entry of summary judgment in favor of the Brand Defendants.

Discussion

This appeal was submitted on records, briefs, and oral argument nearly identical to those presented to this Court in Franzman v. Wyeth, ED 100312, __ S.W.3d __ (Mo. App. E.D. 2014). Nicely appeals from a nearly identical judgment, presents the same points on appeal, and relies on the same arguments as those raised by the parties in Franzman. The minor factual differences between Nicely's case and Franzman's case do not affect our analysis of the identical points on

---

[6] It is not disputed that under Missouri's choice of law principles, Kentucky law applies to Plaintiff's claims.

appeal raised in both cases.[7] Our analysis, discussion, and decision in Franzman controls our resolution of Nicely's appeal in this matter.

For the reasons more fully described in Franzman, we hold as follows: We reverse the trial court's judgment as to Nicely's failure-to-warn claim against the Generic Defendants to the extent it is based upon the Generic Defendants' failure to update their warning labels to the 2004 Reglan label revision. We affirm the trial court's dismissal of Nicely's claims against the Generic Defendants in all other respects. Because Nicely's claims against the Brand Defendants must be brought as product liability actions under the KPLA, we affirm the trial court's dismissal of Nicely's claims against them. Lastly, because Nicely's discovery of her injury as it relates to the statute of limitations is a question of fact, we reverse the trial court's dismissal of Nicely's claims against WKH. We remand Nicely's failure-to-warn claim against the Generic Defendants and her claim against WKH for proceedings consistent with this opinion and as more fully explained in Franzman.

Kurt S. Odenwald, Judge

Mary K. Hoff, P.J., Concurs
Angela T. Quigless J., Concurs

---

[7] The minor factual differences, based solely on the records before us, include the dates of Nicely's use of metoclopramide and of her tardive dyskinesia diagnosis.